IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:11cv10

| | | |
|---|---|---|
| ANTHONY MARTIN and KIM MARTIN, husband and wife, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | ORDER |
| RUSHING CREEK DEVELOPMENT GROUP, LLC, a North Carolina Corporation, and FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for BANK OF HIAWASSEE, a Georgia Corporation, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Pending before the Court is the Motion to Substitute Party [# 11]. CADC/RADC 2011-1 Venture 2011-1 LLC ("CADC") moves to substitute it as a party defendant in this action in place of the Federal Deposit Insurance Corporation, as Receiver for Bank of Hiawassee, a Georgia Corporation ("FDIC"). CADC also requests a sixty day extension of the mediation deadline in this case. All the parties to this dispute consent to the substitution. Upon a review of the Motion to Substitute Party and the record in this case, the Court **GRANTS in part** the motion [# 11]. The Court **GRANTS** the motion to the extent it seeks to

-1-

substitute parties. The Court **DIRECTS** the Clerk to **SUBSTITUTE** CADC/RADC 2011-1 Venture 2011-1 LLC as a party defendant in this action in place of the Federal Deposit Insurance Corporation, as Receiver for Bank of Hiawassee, a Georgia Corporation.

As a result of the substitution of CADC as a defendant in this action, the FDIC is no longer a party to this dispute. The FDIC removed this action from state court pursuant to 12 U.S.C. § 1819(b)(2), which provides that all civil actions where the FDIC "is" a party are deemed to arise under the laws of the United States and, therefore, are removal to federal court. Because the FDIC is no longer a party to this dispute, the Court questions whether it still has subject matter jurisdiction over this dispute and whether remand is now required. The Court, however, recognizes that the Circuits are split as to whether a federal court retains jurisdiction pursuant to Section 1819 once the FDIC is dismissed from a lawsuit. See New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc., 101 F.3d 1492 (3rd Cir. 1996) (holding that original jurisdiction does not continue); Adair v. Lease Partners, Inc., 587 F.3d 238 (5th Cir. 2009) (holding that original jurisdiction does continue); FSLIC v. Griffin, 935 F.2d 691 (5th Cir. 1991); FDIC v. Four Star Holding Co., 178 F.3d 97 (2nd Cir. 1999); Skrabe v. Chase Home Fin., No. C10-03230, 2011 WL 1044465 (N.D. Cal. Mar. 22, 2011). The Fourth

Circuit has not addressed this issue. Accordingly, the Court **DIRECTS** the parties to appear for a hearing on Wednesday, November 30, 2011, at 3:00 p.m. in Courtroom 2 at the United States District Court Western District of North Carolina, Asheville Division, 100 Otis Street, Asheville, North Carolina. At the hearing, the parties should be prepared to address the issue of whether this Court retains jurisdiction over this dispute. In addition, the parties should be prepared to discuss what they have done to date to prepare this case for trial. The Court **STAYS** the mediation and dispositive motion deadline in this case pending a determination as to whether remand is required.

Signed: November 17, 2011

Dennis L. Howell
United States Magistrate Judge